**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JERMAINE H. KERR, | Civil Action No. 12-6330 (FLW) |
| Petitioner, | |
| v. | **O P I N I O N** |
| BRIAN ELWOOD, et al., | |
| Respondents. | |

**Wolfson**, District Judge:

This matter comes before the Court by way of Jermaine H. Kerr's ("Petitioner") petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 ("Petition"). Petitioner claims that he is unlawfully held in custody as a result of Respondents' erroneous interpretation of the mandatory detention provision contained in § 236(c) of the Immigration and Nationality Act ("INA"), codified as 8 U.S.C. § 1226(c).[1]

---

[1] Respondents argue that the Court should dismiss the Petition as to all Respondents except for Brian Elwood, Petitioner's immediate custodian. Since the only proper respondent to a petition for a writ of habeas corpus is the warden of the facility where the prisoner is being held, see Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner']"), Respondents' application to that effect will be granted, and the Petition will be dismissed as to all Respondents except for the warden.

Having carefully considered the submissions made in support of and in opposition to the Petition, the Court will grant Petitioner habeas relief.

## I. BACKGROUND

The relevant facts appear undisputed. Petitioner, a native and citizen of Jamaica, had been a lawful permanent resident in the United States since December 18, 1984.

On July 27, 2007, the Queens County Criminal Court, New York, convicted Petitioner of disorderly conduct and sentenced him to a conditional discharge. Two years later, on July 28, 2009, the Kings County Criminal Court, New York, convicted Petitioner of unlawful possession of marijuana; that conviction was followed by another conviction related to controlled substances on October 8, 2009, in the New York Supreme Court. Petitioner, consequently, was sentenced to five years of probation.

In light of these convictions, the Government commenced Petitioner's removal proceedings on May 24, 2012, by issuing him a Notice to Appear. Petitioner was arrested on the basis of the same on September 19, 2012.[2] His removal proceedings are currently underway. Being deemed a § 1226(c) pre-removal-period alien detainee, Petitioner is being held in confinement without a bond hearing.

---

[2] Thus, Petitioner was arrested while on probation.

This issue here is whether Petitioner has been erroneously classified as a § 1226(c) alien detainee. The Court answers in the affirmative and, as a result, Petitioner has been unduly denied an individualized bond hearing before an Immigration Judge.

**II.  DISCUSSION**

  **A.  Jurisdiction**

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Federal courts have subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) if two requirements are satisfied, namely, that (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989).

In this case, Petitioner is in custody within this Court's jurisdiction, and has alleged that his mandatory detention without an individualized bond hearing is not statutorily authorized.

Accordingly, the Court will exercise subject matter jurisdiction over the instant Petition. Accord Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Diop v. ICE/Homeland Security, 656 F.3d 221, 226 (3d Cir. 2011).

3

B.   **Mandatory Detention**

Section 1226(a) authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States.  <u>See</u> 8 U.S.C. § 1226(a).  Except as provided in § 1226(c), the Attorney General may release the alien on "bond of at least $1,500."  8 U.S.C. § 1226(a)(2)(A).

By contrast, INA § 236(c), codified at 8 U.S.C. § 1226(c), mandates detention of specified criminal aliens, without bond, during removal proceedings.  It provides:

> The Attorney General shall take into custody any alien who —
>
> (A)   is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title,
> (B)   is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C)   is deportable under Section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or
> (D)   is inadmissible under Section 1182(a)(3)(B) of this title or deportable under Section 1227(a)(4)(B) of this title,
>
> *when the alien is released*, *without regard to whether the alien is released on parole, supervised release, or probation*, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c) (emphasis supplied).

### C. Petitioner's Application Merits Habeas Relief

Here, Petitioner seemingly does not dispute that some of the offenses of which he was convicted are among the enumerated offenses that could trigger mandatory detention pursuant to § 1226(c). See, generally, Docket Entry No. 1. Rather, he asserts that § 1226(c) does not apply to him because the Government failed to detain him immediately upon his release from criminal incarceration associated with these convictions, and instead waited many years after his release date to detain him. See id. Petitioner, thus, urges this Court to hold that he is detained pursuant to § 1226(a) and, consequently, that he is entitled to an individualized bond hearing before an immigration judge.[3] See id.

Respondents argue that pursuant to the Board of Immigration Appeals' ("BIA") decision in Matter of Rojas, 23 I. & N. Dec. 117 (BIA 2001), and limited federal case law that adopted Rojas reasoning, Petitioner is properly detained under Section § 1226(c). See, generally, Docket Entry No. 9. Respondents further contend that the BIA's interpretation of the "when the alien is released" language in Rojas is entitled to deference

---

[3] Although the Petition appears to be vague, the Court construes the Petition liberally, since a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); accord Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

under the principles the Supreme Court set forth in Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc., 467 U.S. 837 (1984), because the language of § 1226(c) is ambiguous.[4]  See id. at 9-17.

While Respondents' reliance on Rojas and federal case law following that administrative determination is noted, this Court finds Rojas unpersuasive.

In Rojas, the BIA held that the "when the alien is released" language of § 1226(c) mandates that aliens who have been convicted of certain enumerated offenses be detained without the possibility of bail "regardless of when they were released from criminal confinement and regardless of whether they had been living within the community for years after their release."  See id., 23 I. & N. Dec. at 121.

As noted supra, Respondents implore the Court to defer to the BIA's interpretation of the "when the alien is released" language and rely on a small number of district court opinions and a recent decision of the Fourth Circuit which relied on the

---

[4]  In Chevron, the Supreme Court established a two-step framework for reviewing an administrative agency's interpretation of a statute.  See Cheveron 467 U.S. at 842-43.  Under the first step, the Court must consider "whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter."  Id.  If, however, "the statute is silent or ambiguous with respect to the specific issue," then the Court must proceed to the second step and determine whether the agency's determination was "based on a permissible construction of the statute."  Id.

BIA's interpretation in Rojas (holding that an alien may be subject to mandatory detention even if there is a gap between the time of release from criminal incarceration and the time of detention by immigration authorities).  See, e.g., Hosh v. Lucero, 680 F.3d 375, 384 (4th Cir. 2012) (holding "that the BIA's interpretation of § 1226(c) was reasonable, and must be accorded deference"); Sulayao v. Shanahan, No. 09 Civ. 7347, 2009 U.S. Dist. LEXIS 86497 (S.D.N.Y. Sept. 15, 2009) (same).

    The Third Circuit has not had the occasion to visit the issue of whether § 1226(c) contains an immediacy requirement,[5] and this Court is mindful that federal courts have yet reached a consensus as to the proper interpretation of § 1226(c).  Compare, e.g., Hosh, 680 F.3d at 384(finding the "when the alien is released" language ambiguous, and holding that detention pursuant to § 1226(c) does not require the Government to act immediately upon a criminal alien's release), with, e.g., Saysana v. Gillen, 590 F.3d 7, 18 (1st Cir. 2009) (finding the "when the alien is released" language unambiguous, and holding, albeit in a different context, that "[t]he statutory language embodies the judgment of Congress that such an individual should not be

---

[5] The issue of how the "when the alien is released" language of § 1226(c) should be interpreted is pending before the Third Circuit.  See Sylvain v. Holder, U.S.C.A. Index No. 11-3357, (3d Cir., docketed Aug. 31, 2011), and Desrosiers v. Hendricks, U.S.C.A. Index No. 12-1053 (3d Cir., docketed Jan. 11, 2012).  To date, however, the Third Circuit has not issued a ruling in either of these cases.

returned to the community pending disposition of his removal proceedings").  However, the bulk of relevant decisions within this District have held that the "when the alien is released" language requires the Government to act *immediately* upon an alien's release from criminal custody and, when it does not, said alien is properly considered to be held under § 1226(a), which entitles him or her to a bond hearing.  See, e.g., Charles v. Shanahan, 2012 U.S. Dist. LEXIS 145072 (D.N.J. Oct. 9, 2012); Kporlor v. Hendricks, 2012 U.S. Dist. LEXIS 145387 (D.N.J. Oct.9, 2012); Campbell v. Elwood, 2012 U.S. Dist. LEXIS 139203 (D.N.J. Sept. 27, 2012); Martinez v. Muller, 2012 U.S. Dist. LEXIS 1384763 (D.N.J. Sept. 25, 2012); Nimako v. Shanahan, 2012 U.S. Dist. LEXIS 133110 (D.N.J. Sept. 18, 2012); Cox v. Elwood, 2012 U.S. Dist. LEXIS 122017 (D.N.J. Aug. 28, 2012); Dimanche v. Tay-Taylor, 2012 U.S. Dist. LEXIS 116432 (D.N.J. Aug. 9, 2012); Munoz v. Tay-Taylor, 2012 U.S. Dist. LEXIS 109601 (D.N.J. Aug. 6, 2012); Gonzalez-Ramirez v. Napolitano, 2012 U.S. Dist. LEXIS 108227 (D.N.J. July 30, 2012); Kot v. Elwood, 2012 U.S. Dist. LEXIS 61346 (D.N.J. May 2, 2012); Parfait v. Holder, 2011 U.S. Dist. LEXIS 117053 (D.N.J. Oct. 11, 2011); Sylvain v. Holder, 2011 U.S. Dist. LEXIS 69591 (D.N.J. June 28, 2011).

This Court has consistently ruled that § 1226 requires the Government to act immediately upon an alien's release from criminal custody.  Indeed, as recently as November 5, 2012, this

Court rejected the very same line of arguments that Respondents advance in the instant case, namely, that the Court should defer to the BIA's interpretation of the "when the alien is released" language in Rojas.  See Baquidy v. Elwood, 2012 U.S. Dist. LEXIS 158254 (D.N.J. Nov. 5, 2012) (detailing, at length, the invalidity of Respondents' position).  At this juncture, absent a directive from the Third Circuit, I am not inclined to depart from the analyses I have conducted in my prior decisions. See Baquidy, 2012 U.S. Dist. LEXIS 158254, Nimako, 2012 U.S. Dist. LEXIS 133110; Kot, 2012 U.S. Dist. LEXIS 61346, Christie v. Elwood, 2012 U.S. Dist. LEXIS 10662 (D.N.J. Jan. 30, 2012), Burns v. Cicchi, 702 F. Supp. 2d 281 (D.N.J. 2010).[6]

    Therefore, based upon my prior rulings, since the Government did not detain Petitioner until many years after he was released from confinement related to his criminal offenses, this Court holds that Petitioner cannot be properly classified as an alien

---

[6] The fact that Petitioner was arrested while on probation is a distinction without a difference in light of the unambiguous language of the statute.  See 8 U.S.C. § 1226(c) (expressly denouncing an argument based on distinction between an outright release and other forms of release from confinement, including probation release); accord Louisaire v. Muller, 758 F. Supp.2d 229, 236 (S.D.N.Y. 2010) (elaborating on the same and observing that "Matter of Rojas . . . is wrong as a matter of law and contrary to the plain language of the statute.  The clear purpose of § 1226(c)(1) is to authorize the mandatory detention of immigrants who have committed offenses enumerated within § 1226(c)(1) (A)-(D) immediately upon their release from criminal sentences for those same offenses, even if they are still serving part of their sentence out in the community, under 'parole, supervised release, or *probation*'") (emphasis supplied).

detainee held under § 1226(c), and thus, his current detention shall be classified under § 1226(a). Appropriate and immediately, under that section, Petitioner is entitled to an individualized bond hearing before an Immigration Judge.

### III. CONCLUSION

For the foregoing reasons, Petitioner's application seeking a writ of habeas corpus will be granted.

Respondents will be ordered to ensure that an immigration judge provides Petitioner with an individualized bond hearing within fourteen days from the date of entry of this Court's Order accompanying this Opinion.[7]

The Petition will be dismissed as to all Respondents except for Petitioner's warden.

An appropriate Order accompanies this Opinion.

---

[7] While Congress stripped district courts of habeas jurisdiction to consider most immigration issues, district courts retained jurisdiction to review habeas aspects of immigration cases, if such aspects are unrelated to removal proceedings. See, e.g., Clark v. Martinez, 543 U.S. 371 (2005); Zadvydas, 533 U.S. at 699; Demore v. Kim, 538 U.S. 510, 528-29 (2003). Therefore, district courts (having neither an appellate mandate over immigration courts nor mandate to direct actions by immigration judges in the matters where such judges are not parties) can ensure compliance with their orders through directing actions by the parties. Here, the party charged with the duty to ensure proper compliance with this Court's habeas Order is Respondents.

```
                                    /s/ Freda L. Wolfson
                                 Freda L. Wolfson,
                                 United States District Judge
```

Dated:  November 8, 2012